# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

LINDA RENA LAWRENCE                                        **PLAINTIFF**

                                                **NO. 3:19CV00065-JMV**

COMMISSIONER OF SOCIAL SECURITY                    **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of a partially unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's oral ruling during a hearing held February 21, 2020, the court finds the Commissioner's decision is not supported by substantial evidence in the record with respect to the period prior to July 3, 2017. Specifically, the ALJ found the medical records revealed the claimant's medications were "relatively effective in controlling . . . [her] pain and related symptoms" and that she had "primarily received overall conservative treatment involving physical therapy and epidural injections, which ha[d] apparently helped relieve her alleged chronic pain." The ALJ also concluded "[t]he record additionally reflects no significant aggravating or precipitating factors" with respect to the claimant's pain. To the contrary, this court notes records from Mid South Pain Treatment

Center indicate that during the relevant period the claimant consistently reported that prolonged sitting, standing and walking—among other things—aggravated her pain; the claimant's pain medication, at best, reduced her pain from 10 to 7; and the claimant had "failed conservative management with physical therapy and medication trials" and "painful symptoms continue[d] to persist with limitations in activities of daily living, despite a positive temporary response from prior diagnostic blocks."[1] In view of this evidence, which was not addressed in the ALJ's decision, the Court is unable to conclude that a residual functional capacity ("RFC") assessment that includes six hours of sitting is supported by substantial evidence in the record.

On remand, the ALJ must reconsider all the evidence relevant to an assessment of the claimant's RFC and render a new decision. The ALJ must be careful to explain the resolution of any conflicts in the evidence as it relates to an RFC determination. The ALJ must further develop the record if additional information is needed to make an RFC determination and/or obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering her limitations. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of March, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] Tr. B18F, 23 of 33.